23989

John T. STEPHENS, Respondent v. Jerry D. JENKINS, d/b/a Easley
Carpet and Design, Appellant.

(439 S.E. (2d) 849)

Supreme Court

*Hal J. Warlick* and *Larry A. Welborn*, Easley, *for appellant.*

*Kenneth D. Acker*, Pickens, *for respondent.*

Heard Nov. 2, 1993.

Decided Jan. 10, 1994.

CHANDLER, Justice:

Jerry Jenkins (Creditor) appeals an Order holding that his judgment against Tilson Construction, Inc. (Seller) does not attach to property being purchased by John Stephens (Buyer).

We affirm.

## FACTS

On January 21, 1988, Buyer contracted to purchase 15 acres of land from Seller. Pursuant to the contract, Buyer was permitted to make direct payments to the Farmer's Home Administration, mortgagee on Seller's previous note and mort-

gage. Buyer recorded the contract with the Clerk of Court on March 3, 1988.

On March 27, 1989, Creditor obtained a judgment against Seller. Thereafter, Buyer brought this declaratory judgment action, alleging that Creditor's judgment did not attach to the property. Creditor counterclaimed, asserting this right to compel an execution sale, and claiming that Buyer had only an equitable interest in the property in the amount paid toward the purchase price. Circuit Court held Creditor's judgment did not create a lien on the property.

## ISSUE

The sole issue is whether Creditor's lien attached to the property.

## DISCUSSION

Under the contract of sale, Buyer was not to receive a deed until completion of payments. Creditor asserts the contract was incomplete and executory, so that Buyer's interest is limited to the amount of payments made prior to entry of his judgment. We disagree.

In *Epps v. McCallum*, 139 S.C. 481, 138 S.E. 297 (1927), we held that executory land contracts must be recorded. S.C. Code Ann. § 30-7-10 (1991). *Epps* noted that an executory contract for the sale of land conveys or transfers an interest which may be mortgaged by the vendee, is devisable and descendible, and which may be assigned or become subject to a mechanic's lien. Citing *Landrum v. Hatcher*, the *Epps* Court held:

> Where a contract is made for the sale of land, the vendor is in equity immediately deemed a trustee for the vendee of the real estate, and the vendee is deemed a trustee for the vendor of the purchase money. *Under such circumstances, the vendee is treated as the owner of the land and it is devisable and descendible as his real estate.*

139 S.C. at 506, 138 S.E. at 305. (Citation omitted.) (Emphasis supplied.)

Buyer's recorded contract was entitled to priority over Creditor's subsequent judgment.

Creditor contends that the Court of Appeals' opinion in *South Carolina Federal Savings Bank v. San-A-Bel Corp.*,

307 S.C. 76, 413 S.E. (2d) 852 (Ct. App. 1992), mandates a contrary result. Reliance upon *San-A-Bel* is misplaced.

In *San-A-Bel*, the defendant developer was required by the plaintiff Bank to pre-sell a number of condominium units as a condition for obtaining its construction loan. At the time of the pre-sale, Developer did not have title to the property, nor did it have the loan proceeds. Under the pre-sell contracts, purchasers' down-payments were to be used in development. Developer, in turn, was required to refund deposits should the project not be completed within two years. The pre-sell contracts were not recorded. When Developer defaulted, bank foreclosed. Court of Appeals held that the purchasers under executory land contracts, had "an equitable lien on the property in the amount paid on the purchase price." 307 S.C. at 78, 413 S.E. (2d) at 854. Under those facts, as the project was never completed, purchasers sought only a refund of their deposits. Moreover, the contracts in *San-A-Bel* were never recorded, as required by § 30-7-10 (1991). *San-A-Bel* does not apply to this case.

We hold that Buyer is entitled to priority over Creditor. The judgment below is

Affirmed.

HARWELL, C.J., and FINNEY, TOAL and MOORE, JJ., concur.